UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| AANIYA CLAY,<br><br>　　　　Plaintiff,<br><br>v.<br><br>RADIUS GLOBAL SOLUTIONS, LLC and TRANS UNION, LLC,<br><br>　　　　Defendants. | Case No. 2:24-cv-02124-GMN-EJY<br><br>**ORDER<br>AND<br>REPORT AND RECOMMENDATION** |

Pending before the Court are two Motions: (1) Defendant Radius Global Solutions' ("RGS") Motion to Dismiss (ECF No. 6); and (2) RGS' Motion to Stay Discovery. ECF No. 21. The Court considered each Motion, the Oppositions, and Replies. The Court finds as follows.

**I.      The Applicable Legal Standards**

　　　　A.      <u>Motion to Dismiss</u>.

Under Federal Rule of Civil Procedure 12(b(6), the Court may dismiss a cause of action that fails to state a claim upon which relief can be granted. *North Star Int'l. v. Ariz. Corp. Comm'n.*, 720 F.2d 578, 581 (9th Cir. 1983). When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal should be granted only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Upon considering whether the complaint is sufficient to state a claim, the Court will take all material allegations as true and construe them in the light most favorable to the plaintiff. *NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986).

If the court grants a motion to dismiss based on the failure to state a claim, leave to amend will ordinarily be granted unless it is clear that the deficiencies of the complaint cannot be cured by amendment. *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992). Under Federal Rule of Civil Procedure 15(a), the Court should "freely" give leave to amend "when justice so requires," and in the absence of a reason such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue

prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Foman v. Davis*, 371 U.S. 178, 192 (1962).

      B.     <u>Motion to Stay Discovery</u>.

Generally, a dispositive motion does not warrant a stay of discovery. *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 601 (D. Nev. 2011). "The party seeking a stay ... has the burden to show good cause by demonstrating harm or prejudice that will result from the discovery." *Rosenstein v. Clark Cnty. Sch. Dist.*, Case No. 2:13-cv-1443-JCM-VCF, 2014 WL 2835074, at *3 (D. Nev. June 23, 2014), *citing* Fed. R. Civ. P. 26(c)(1) (internal quotation marks omitted). Under certain circumstances it is an abuse of discretion to deny discovery while a dispositive motion is pending (*Tradebay*, 278 F.R.D. at 602) and, for this reason, a party seeking a stay of discovery carries the heavy burden of making a strong showing why the discovery process should be halted. *Turner Broad. Sys., Inc. v. Tracinda Corp.*, 175 F.R.D. 554, 556 (D. Nev. 1997). When deciding whether to issue a stay, a court must take a "preliminary peek" at the merits of the dispositive motion pending in the case. *Buckwalter v. Nevada Bd. of Med. Exam'rs*, Case No. 2:10-cv-02034-KJD-GWF, 2011 WL 841391, at *1 (D. Nev. Mar. 7, 2011). In doing so, the Court must consider whether the pending motion is potentially dispositive of the entire case, and whether that motion can be decided without additional discovery. *Tradebay*, 278 F.R.D. at 602.

Moreover, the Court adopts a standard when reviewing the merits of a dispositive motion that best effectuates Fed. R. Civ. P. 1's objective for the "just, speedy, and inexpensive" determination of actions. *Id.* at 602-03. Even if discovery will involve inconvenience and expense, this is insufficient, without more, to support a stay of discovery. *Turner Broad. Sys., Inc.*, 175 F.R.D. at 556. Motions to dismiss are frequently part of federal practice and an "overly lenient standard for granting motions to stay all discovery is likely to result in unnecessary discovery delay in many cases." *Trzaska v. Int'l Game Tech.*, Case No. 2:10-cv-02268-JCM-GWF, 2011 WL 1233298, at *4 (D. Nev. Mar. 29, 2011).

**II. Discussion**

    A.    <u>The Motion to Dismiss</u>.

        1.    *Plaintiff Fails to State a Claim Under the FCRA § 1681b(f).*

Plaintiff brings this Count against RGS averring the Defendant accessed her consumer report without permission and then used that report to contact Plaintiff through a "dunning letter." ECF No. 2-1 at 25-26 ¶¶ 7, 11, 12. Plaintiff asserts this was not a permissible purpose under the FCRA. *Id*. at ¶¶ 16, 41, 43. Plaintiff maintains this conduct violated her rights under 15 U.S.C. § 1681(f). *Id*. at 37-48.

The FCRA "prohibits third parties from accessing consumer credit reports without a statutorily authorized … purpose." *Demay v. Wells Fargo Home Mortg., Inc.*, 279 F. Supp. 3d 1005, 1008 (N.D. Cal. 2017) (citing 15 U.S.C. § 1681(f)(1)). To state an FCRA claim "for requesting a consumer credit report without a permissible purpose, a plaintiff must establish: (1) the defendant obtained a consumer credit report from a Consumer Reporting Agency, (2) without a permissible purpose, and (3) the defendant acted willfully or negligently in requesting the report." *Id.*

Here, Plaintiff's allegations do not state a violation of FCRA at 15 U.S.C. § 1681b)(f) because there is no dispute that RGS is a debt collector (ECF No. 2-1 (Plaintiff's First Amended Complaint) at 25 ¶¶ 5, 51, 52) and, therefore, RGS' access to Plaintiff's credit report for debt collection was a permissible purpose.

> Debt collection is a permissible purpose for using or obtaining a credit report. 15 U.S.C. § 1681b(a)(3)(A) (stating a credit report may be provided to a party which "intends to use the information in connection with a credit transaction ... involving the extension of credit to, or review or collection of an account of, the consumer"). Thus, when the defendant in an action brought pursuant to the FCRA is a debt collection agency, courts find conclusory allegations that the defendant obtained the consumer's credit report without a permissible purpose insufficient to state a claim upon which relief can be granted. *See, e.g., Jones v. Best Serv. Co.*, 700 F. App'x 580, 581 (9th Cir. 2017) (unpublished) (affirming dismissal of FCRA claim where plaintiff "failed to allege that the defendant, a debt collector, had requested his credit report for any reason other than to attempt to collect on the debt"); *Pyle v. First Nat'l Collection Bureau*, Case No. 1:12-CV-288-AWI-SKO, 2012 WL 1413970, at *3-4 (E.D. Cal. Apr. 23, 2012) (concluding plaintiff failed to state a claim for relief under the FCRA where allegations did not establish "[the d]efendant was not, in fact, a collection agency, or that [the p]laintiff did not owe any debt that [the d]efendant was seeking to collect on behalf of another entity"); *see also Rojas v. Cap. One Bank*, Case No. CV 16-9045-AB-SSx, 2017 WL 7806362, at *3 (C.D. Cal. Apr. 19, 2017) ("Plaintiff's … allegations indicate Defendants' actions ... are permissible since they operate as a debt collection agency."); *Thomas v. Fin.*

*Recovery Servs.*, Case No. EDCV 12-1339-PSG-OPx, 2013 WL 387968, at *4 (C.D. Cal. Jan. 31, 2013) ("Courts have been especially skeptical of claims brought against debt collection agencies, given that debt collection agencies typically request credit reports for the permissible purpose of seeking the information in connection with the consumer's debt.").

*Wise v. Experian Information Solutions, Inc. et al.*, Case No. CV 23-5513-KK-RAOx, 2024 WL 3337128, at *4 (C.D. Cal. June 18, 2024).

Under the undisputed law, Plaintiff cannot state a claim under 15 U.S.C. § 1681b(f) arising from RGS' access to her credit report. Hence, the Court recommends Plaintiff's Count II against Defendant RGS be dismissed with prejudice.

### 2.    *Plaintiff Fails to State a Claim for Use of Abusive or Harassing Conduct.*

Plaintiff's Count III alleges a violation of 15 U.S.C. § 1692d(2) of the FDCPA. The claim is based on a September 4, 2024 email sent to Plaintiff by RGS "stating … she allegedly owed a debt in the amount of $288.21 to CenturyLink." ECF No. 2-1 at 25 ¶ 7. Plaintiff says the email (which she also calls a letter) "used obscene language" when "stating that … [Plaintiff] owed a 'debt[,]' which is abusive in nature as the alleged debt … [was] not … substantiated." *Id*. at 31 ¶ 54.

The FDCPA prohibits a debt collector from engaging "in any conduct the natural consequences of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. § 1692d. "Although the FDCPA does not limit its application to threats of violence or the use of profane language, normal rules of statutory construction require that the harassment or abuse condemned be of the same nature. *Fox v. Citicorp Credit Servs.*, 15 F.3d 1507, 1518 (9th Cir. 1994)." *Boyle v. Arrow Financial Services, LLC*, Case No. C 08-3381 PJH, 2008 WL 4447727, at *3 (N.D. Cal. Oct. 2, 2008). The court in *Boyle* further explained:

> Congress was concerned with disruptive, threatening, and dishonest tactics. The Senate Report accompanying the [FDCPA] cites practices such as threats of violence, telephone calls at unreasonable hours [and] misrepresentation of a consumer's legal rights. In other words, Congress seems to have contemplated the type of actions that would intimidate unsophisticated individuals and which ... would likely disrupt a debtor's life.

*Id*. citing *Guerrero v. RJM Acquisitions LLC*, 499 F.3d 926, 938-39 (9th Cir. 2007) (internal citations omitted).

4

Here, Plaintiff's claim identifies the use of the word "debt" as "abusive in nature" apparently because the debt was not substantiated. However, even under a broad reading of the FDCPA's non-abuse provisions, the use of the word "debt" in the context of fair "debt" collection practices is insufficient on its face to state this claim. Nonetheless, because the Court finds it is not impossible for Plaintiff to state a claim under the FDCPA § 1692d, the Court dismisses Count III of Plaintiff's Amended Complaint without prejudice and with leave to amend.

### 3. *Plaintiff Fails to State a Claim Under the FDCPA § 1692b(5).*

The FDCPA 15 U.S.C. § 1692b(5) states "Any debt collector communicating with any person other than the consumer for the purpose of acquiring location information about the consumer shall … not use any language or symbol on any envelope or in the contents of any communication effected by the mails or telegram that indicates that the debt collector is in the debt collection business or that the communication relates to the collection of a debt …." Here, Plaintiff's Amended Complaint asserts no facts alleging RGS contacted anyone other than Plaintiff for purposes of acquiring "location information" or any other information about Plaintiff. Instead, Plaintiff alleges that RGS "included language in the contents of their communication through email [with Plaintiff] that their communication was in regard to the collection of a debt." ECF No. 2-1 at 31 ¶ 59. In the absence of any allegation of impermissible communication with a third party seeking location information about Plaintiff in which RGS identified itself as a debt collector in the debt collection business, Plaintiff fails to state a claim for violation of the FDCPA § 1692b(5).

Because the Court finds it is not impossible for Plaintiff to state a claim under the FDCPA § 1692b(5), the Court dismisses Plaintiff's Count IV without prejudice and with leave to amend.

### 4. *Plaintiff's Invasion of Privacy Claim is Preempted and Dismissal with Prejudice is Recommended.*

Plaintiff's first Count V alleges an invasion of privacy based on intrusion of seclusion. ECF No. 2-1 at 31-32 ¶¶ 64-68. As explained by the U.S. District Court for the District of Nevada:

> Courts have interpreted § 1681t(b)(1)(F) to preclude all state common law and statutory claims, to effect Congress' intent to limit a plaintiff's recovery against furnishers of credit information to only the remedies provided under the FCRA." *O'Connor* [*v. Capital One, N.A.*, Case No. CV 14-00177-KAW,] 2014 WL

5

2215965, at *8 (N.D. Cal. May 29, 2014) (internal quotations omitted); *Miller v. Bank of Am., Nat. Ass'n,* 858 F.Supp.2d 1118, 1124 (S.D. Cal. 2012).

*Aquino v. PNC Mortgage*, Case No. 2:15-cv-00068-GMN-GWF, 2015 WL 6432944, at *3 (D. Nev. Oct. 21, 2015). Here, as was true in *Aquino*, Plaintiff's cause of action relies on RGS' status as a "debt collector." *Id.*; ECF No. 2-1 at 25 ¶ 5, 30 ¶ 51. Thus, the alleged invasion of privacy claim "is regulated by federal law and as such, would be preempted by the FCRA." *Id. citing O'Connor*, 2014 WL 2215965, at *8.

For this reason, the Court recommends dismissing Plaintiff's first Count V for Invasion of Privacy—Intrusion of Seclusion claim with prejudice.

5. *Plaintiff's Claims Under the FDCPA 15 U.S.C. § 1692e Fail.*

The FDCPA § 1692e(2)(A) prohibits a debt collector from making a "false representation of … the character, amount, or legal status of any debt." Section 1692e(10) prohibits "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." To state a claims under 15 U.S.C. § 1692e(10), a plaintiff must allege "[t]he false or misleading representation must be 'material' in order for its utterance to violate the FDCPA." Plaintiff identifies no materially false or misleading representation that was material in respect to her alleged debt to CenturyLink. Plaintiff only alleges the debt was not substantiated. ECF No. 2-1 at 31 ¶ 54, 33 ¶ 78. In light of this failure, Plaintiff's Count VI fails to state a claim. However, the Court finds leave to amend this Count is appropriately granted.

With respect to Plaintiff's second Count V under § 1692e(2)(a), the Court notes "[t]he Ninth Circuit considers liability under Section 1692e an issue of law, and courts take into account whether the least sophisticated debtor would likely be misled by a debt collector's communication. *Tourgeman v. Collins Fin. Servs., Inc.*, 755 F.3d 1109, 1119 (9th Cir. 2014); *see also Palacios v. Collection Consultants of California*, [Case] No. EDCV 14-00388-VAP-SPx, 2014 WL 12601019, at *3 (C.D. Cal. Aug. 11, 2014) (finding allegations of misstating the amount of interest in collection attempts as sufficient to state a claim under § 1692e(2)(A))." *Ocegueda v. Hagopian Law Firm*, Case No. EDCV 24-1467-KK-DTBx, 2024 WL 5275545, at *5 (C.D. Cal. Oct. 4, 2024). "However,

'mere technical falsehoods that mislead no one' are not sufficient to state a claim under the statute." *Id*. quoting *Tourgeman*, 755 F.3d at 1119.

In this case, Plaintiff fails to identify what RGS allegedly said that was misleading or otherwise deceptive. Plaintiff says only that RGS' contact identified a "debt" to be collected owed to CenturyLink. Plaintiff says the debt was "unsubstantiated," but does not say the debt was not owed to CenturyLink or that the communication from RGS was otherwise untrue or contained misleading information. Thus, Plaintiff's allegations fail to state a claim under 15 U.S.C. § 1692e(2)(a) and the second Count V is dismissed without prejudice, but with leave to amend.

### 6. Plaintiff's Claim Fails Under 15 U.S.C. § 1592g(b).

The Amended Complaint includes an allegation that RGS is liable under 15 U.S.C §1692g(b) because "[i]nstead of sending the validation as required by 15 USC §1692g(b), Defendant stated they were sending the account back to the original creditor." ECF No. 2-1 at 34 ¶ 85. However, once validation is requested, a debt collector may either validate the debt or cease collections. *Sambor v. Omnia Credit Svcs., Inc.*, 183 F.Supp.2d 1234, 1241 (D. Haw. 2002) (because debt collector "ceased" collecting the alleged debt after debtor disputed the debt, debt collector did not violate FDCPA by failing to verify the debt."). Given there is no dispute that RGS ceased collection and returned the debt to the original creditor (ECF No. 2-1 at 34 ¶ 85), there was no violation of 15 U.S.C. § 1592g(b) and this claim fails as a matter of law. For this reason, the Court recommends dismissal of Plaintiff's Count VII with prejudice.

### B. Motion to Stay Discovery.

Given that certain of Plaintiff's claims are dismissed without prejudice, but others are recommended for dismissal with prejudice, and it is unclear what, if any, claims will survive the Court's recommendation and a potential second amended complaint, which leave to file is granted, the Court finds that Fed. R. Civ. P. 1's objective for the "just, speedy, and inexpensive" resolution of claims is best served by staying discovery until such time as claims, if any, asserted by Plaintiff may proceed. That is, the Court finds a grant of the stay of discovery is appropriate because there is the possibility that Plaintiff may not have a viable claim. Further, even if Plaintiff has one or more viable claims it is unclear what the substance of those claims may include.

7

### III.  Order

IT IS HEREBY ORDERED that Defendant Radius Global Solutions Motion to Dismiss (ECF No. 6) is GRANTED in part and DENIED in part.

IT IS FURTHER ORDERED that Plaintiff's Counts III, IV, second Count V (an alleged violation of 15 U.S.C. § 1692e(2)(A)), and Count VI (alleged violation of 15 U.S.C. § 1692e(10)) are dismissed without prejudice and with leave to amend.

IT IS FURTHER ORDERED that Plaintiff has through and including **July 1, 2025** to file a Second Amended Complaint, which will be Plaintiff's third attempt to plead claims. Plaintiff is advised that the Second Amended Complaint must be complete in and of itself. The Second Amended Complaint must allege all facts and state all claims on which Plaintiff seeks to proceed as the Court cannot refer to the original Complaint or First Amended Complaint as these complaints are automatically superseded by the filing of a Second Amended Complaint.

IT IS FURTHER ORDERED that Radius Global Solutions' Motion to Stay Discovery (ECF No. 21) is GRANTED.

IT IS FURTHER ORDERED that if Radius Global Solutions files a motion to dismiss Plaintiff's Second Amended Complaint, the stay of discovery will remain in place until that dispositive motion is resolved. If no motion to dismiss is filed in response to Plaintiff's Second Amended Complaint, the parties must meet and confer following Radius Global Solutions' Answer to prepare a discovery plan and scheduling order which is due no later than sixty (60) days after such Answer.

### IV.  Recommendation

IT IS HEREBY RECOMMENDED that Plaintiff's first Count II (alleged violation of 15 U.S.C. § 1681b(f)), first Count V (Invasion of Privacy—Intrusion of Seclusion), and Count VII (alleged violation of 15 U.S.C. § 1692g(b)) be dismissed with prejudice.

Dated this 28th day of May, 2025.

ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

## **NOTICE**

Under Local Rule IB 3-2, any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court holds the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). The Ninth Circuit also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).