UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| AANIYAH CLAY,<br><br>　　　　　　　Plaintiff,<br>vs.<br><br>RADIUS GLOBAL SOLUTIONS LLC, *et al.*,<br><br>　　　　　　　Defendants. | Case No.: 2:24-cv-02124-GMN-EJY<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATIONS** |

　　　　Pending before the Court is the Report and Recommendation ("R&R") by Magistrate Judge Elayna J. Youchah, (ECF No. 29), recommending that Plaintiff's first Count II (alleged violation of 15 U.S.C. § 1681b(f)), first Count V (Invasion of Privacy—Intrusion of Seclusion), and Count VII (alleged violation of 15 U.S.C. § 1692g(b)) be dismissed with prejudice. Further, pending before the Court is another R&R by Judge Youchah recommending that (1) Defendant Trans Union's Motion for Sanctions and Attorney's Fees be granted, in part, and denied, in part; (2) all claims asserted against Trans Union be dismissed with prejudice; and (3) Tran's Union's request for attorney's fees be denied. Plaintiff filed an omnibus Objection to the two R&Rs, (ECF No. 34), to which Trans Union responded, (ECF No. 37).

　　　　A party may file specific written objections to the findings and recommendations of a United States Magistrate Judge made pursuant to Local Rule IB 1-4. 28 U.S.C. § 636(b)(1)(B); D. Nev. R. IB 3-2. Upon the filing of such objections, the Court must make a *de novo* determination of those portions to which objections are made. *Id.* The Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. 28 U.S.C. § 636(b)(1); D. Nev. R. IB 3-2(b).

　　　　Plaintiff objects to the following parts of the R&Rs: (1) Judge Youchah's application of law under the FCRA § 1681b(f); (2) Judge Youchah's characterization of Plaintiff's Graham-

Leach Bliley Act ("GLBA") claim; (3) Judge Youchah's recommendation that Plaintiff be denied leave to amend her GLBA claim.[1] (Obj. 2:25–26; 4:1–7; 4:8–12, ECF No. 34).

First, Plaintiff argues that Judge Youchah erred in ECF No. 29 by concluding that Defendant Radius Global Solutions had a "permissible purpose" to access Plaintiff's consumer report because it is a debt collector. (*Id.* 2:25–26). Plaintiff contends that no debt exists, and that Radius Global Solutions lacked any "certified" authorized purpose to obtain her Trans Union report. (*Id.* 6:14). But this argument was previously raised by Plaintiff for the Magistrate Judge to consider, which she ultimately rejected. (*See* Resp. re Mot. Sanctions 3:5–7, 3:17–20, ECF No. 19 (raising argument)). "[A]ny objections that 'merely repeat the arguments already rejected by' the Magistrate Judge must be overruled because '[o]bjections to a magistrate's Findings and Recommendations are not a vehicle for the losing party to relitigate the case." *Williams v. Navarro*, No. 18-cv-1581, 2022 WL 16758479, at *1 (S.D. Cal. Nov. 8, 2022) (quoting *Hagberg v. Astrue*, No. 09-cv-01, 2009 WL 3386595, at *1 (D. Mont. Oct. 14, 2009)). Thus, this objection is OVERRULED.

Second, Plaintiff objects to Judge Youchah's characterization of the GLBA claim in ECF No. 30. Plaintiff argues that although the GLBA does not confer a private right of action, she should not be precluded from bringing the claim. (Obj. 4:1–7). Regardless of Plaintiff's desires, Courts in this circuit have routinely held that there is no private right of action under the GLBA. *Warren v. RJM Acquisitions, LLC*, No. CIV 11-376 TUC FRZ, 2012 WL 4903588

---

[1] Plaintiff states that she objects to the R&R, (ECF No. 29), in its entirety. (Obj. 4:22–23). But "[g]lobal or general objections are insufficient to cause the Court to engage in a *de novo* review of an R&R." *Matwyuk v. Ryan*, No. CV-18-08299-PCT-JAT, 2020 WL 3026487, at *1 (D. Ariz. June 5, 2020) (citing *Kenniston v. McDonald*, No. 15-CV-2724-AJB-BGS, 2019 WL 2579965, at *7 (S.D. Cal. June 24, 2019)). A general objection to the entirety of a magistrate judge's report has the same effect as a failure to object. *Bailey v. Nevada Parole Bd.*, No. 2:22-CV-00306-GMN-VCF, 2023 WL 1272797, at *1 (D. Nev. Jan. 17, 2023). Accordingly, the Court only addresses the specific objections to the R&R that Plaintiff raises. Additionally, to the extent, that Plaintiff objects to the Order portion of ECF No. 29, the Court denies those arguments for failure to comply with the local rules. *See* LR IC 2-2 ("For each type of relief requested or purpose of the document, a separate document must be filed and a separate event must be selected for that document.").

(D. Ariz. Mar. 26, 2012), *report and recommendation adopted*, No. CV 11-376-TUC-FRZ, 2012 WL 3638766 (D. Ariz. Aug. 24, 2012) (collecting cases).  Thus, this objection is **OVERRULED**.

And lastly, because there is no private right of action under the GLBA, Magistrate Judge Youchah was correct to recommend dismissal with prejudice and without leave to amend Plaintiff's GLBA claim because amendment would be futile.  Thus, this objection is **OVERRULED**.

Accordingly,

**IT IS HEREBY ORDERED** that the R&R, (ECF No. 29), is **ACCEPTED AND ADOPTED IN FULL**.

**IT IS FURTHER ORDERED** that Plaintiff's first Count II (alleged violation of 15 U.S.C. § 1681b(f)), first Count V (Invasion of Privacy—Intrusion of Seclusion), and Count VII (alleged violation of 15 U.S.C. § 1692g(b)) are **DISMISSED with prejudice**.

**IT IS FURTHER ORDERED** that the R&R, (ECF No. 30), is **ACCEPTED AND ADOPTED IN FULL**.

**IT IS FURTHER ORDERED** that Defendant Trans Union's Motion for Sanctions and Attorney's Fees, (ECF No. 18), is **GRANTED, in part,** and **DENIED, in part**.  It is granted to the extent that all claims asserted against Defendant Trans Union stated in Plaintiff's Amended Complaint are **DISMISSED with prejudice**.  But Defendant Trans Union's request for attorney's fees is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant Trans Union is **DISMISSED** as a party to this action.

**DATED** this __16__ day of December, 2025.

_____
Gloria M. Navarro, District Judge
United States District Court