**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

AANIYAH CLAY,

Plaintiff,

vs.

RADIUS GLOBAL SOLUTIONS, LLC,

Defendant.

Case No.: 2:24-cv-02124-GMN-EJY

**ORDER GRANTING MOTION TO DISMISS**

Pending before the Court is Defendant Radius Global Solutions, LLC's ("Radius Global") Motion to Dismiss, (ECF No. 43). Plaintiff Aaniyah Clay filed a Response, (ECF No. 45), to which Radius Global filed a Reply, (ECF No. 46).

For the reasons discussed below, the Court GRANTS the Motion to Dismiss and DISMISSES this case with prejudice.

## I. <u>BACKGROUND</u>

This case arises out of Defendant Radius Global's attempt to collect a debt owed by Plaintiff Aaniyah Clay. Plaintiff claims that on September 4, 2024, she received an email from Radius Global seeking to collect on a $288.21 debt owed to CenturyLink. (Sec. Am. Compl. ¶ 6, ECF No. 42). Perplexed, Plaintiff filed a complaint with the Consumer Financial Protection Bureau and asked Radius Global to validate the debt. (*Id.* ¶¶ 7, 10). She alleges that Radius Global never provided proof or validation of her debt but rather informed her that it would return the account to the "original creditor" and stopped trying to collect from her. (*Id.* ¶ 11). Plaintiff asserts that "public SEC filings" show that "any debt originally owed to CenturyLink had been bundled and sold to investors," meaning Radius Global "cannot legally own or collect this debt as if it were theirs." (*Id.* ¶ 12).

Six weeks later, on October 14, 2024, Plaintiff initiated this action in Las Vegas Justice Court against Radius Global and Defendant Trans Union, LLC, asserting violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*, and the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq*. (Compl. ¶ 25–66, Ex. 1 to Pet. Removal, ECF No. 2-1). She filed a nine-count Amended Complaint two weeks later. (First Am. Compl., Ex. 1 to Pet. Removal, ECF No. 2-1). Radius Global removed the case to this Court on November 14, 2024, because it presents questions of federal law. (Pet. Removal ¶ 1, ECF No. 2). Trans Union consented to removal, (Consent to Removal, Ex. 3 to Pet. Removal, ECF No. 2-3), and Plaintiff did not file a motion to remand.

On November 19, 2024, Radius Global filed a Motion to Dismiss. (*See generally* R.G. Mot. Dismiss, ECF No. 6). Magistrate Judge Elayna J. Youchah recommended that three counts in Plaintiff's Amended Complaint be dismissed with prejudice and that the remaining four counts against Radius Global be dismissed without prejudice and with leave to amend. (R.G. R. & R. 8:2–6, ECF No. 29). On April 2, 2025, Trans Union filed a Motion for Rule 11 Sanctions. (*See generally* T.U. Mot. Sanctions, ECF No. 18). Judge Youchah recommended that Trans Union's Motion be granted and that all claims asserted against it in the Amended Complaint be dismissed with prejudice. (T.U. R. & R. 3:12–17, ECF No. 30). This Court adopted both Reports and Recommendations on December 16, 2025. (Order on Rs. & Rs. 3:9–22, ECF No. 40). Judge Youchah allowed Plaintiff to file a second amended complaint against Radius Global by January 24, 2026. (Min. Order, ECF No. 41).

Plaintiff filed a Second Amended Complaint against Radius Global on January 26, 2026, two days after the Court's deadline. (*See generally* Sec. Am. Compl., ECF No. 42). Radius Global filed a Motion to Dismiss on February 9, 2026. (*See generally* Sec. Mot. Dismiss, ECF No. 43). Plaintiff filed a Response, (ECF No. 45), and Radius Global filed a Reply, (ECF No. 46).

## II. LEGAL STANDARD

Dismissal is appropriate under Federal Rule of Civil Procedure ("FRCP") 12(b)(6) where a pleader fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A pleading must give fair notice of a legally cognizable claim and the grounds on which it rests, and although a court must take all factual allegations as true, legal conclusions couched as factual allegations are insufficient. *Twombly*, 550 U.S. at 555. Accordingly, FRCP 12(b)(6) requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* This standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

If the court grants a motion to dismiss for failure to state a claim, leave to amend should be granted unless it is clear that the deficiencies of the complaint cannot be cured by amendment. *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992). Pursuant to FRCP 15(a), the court should "freely" give leave to amend "when justice so requires," and in the absence of a reason such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962) (citing Fed. R. Civ. P. 15(a)).

When a party proceeds *pro se*, the court has a duty to construe his or her pleadings liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). A *pro se* pleading,

"however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Id.* (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

## III. <u>DISCUSSION</u>

In her Second Amended Complaint, Plaintiff asserts four claims against Radius Global under the Federal Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*. (Sec. Am. Compl. ¶ 16–23). Radius Global argues that the Second Amended Complaint should be dismissed because of Plaintiff's failure to file by the Court's deadline, and in the alternative, that each of Plaintiff's claims should be dismissed with prejudice. The Court first addresses Plaintiff's untimely filing before turning to the merits of her claims.

### A. Plaintiff's Untimely Filing

Radius Global first argues that Plaintiff's failure to timely file her Second Amended Complaint gives the Court reason to dismiss it without addressing its merits. (Sec. Mot. Dismiss 5:11–25). Plaintiff, in turn, contends that the operative "filing" date for a *pro se* litigant is the date on which the document is delivered to the Clerk of Court, which she claims was January 24, 2026. (Resp. 2:25–3:26). Radius Global explains that it has no means of verifying Plaintiff's timeliness and notes that Plaintiff offers no corroboration thereof. (Reply 2:10–19).

The Court takes judicial notice of the fact that January 24, 2026, was a Saturday, and January 26, 2026, was a Monday. *See, e.g.*, *Fisher v. United States*, No. SA CV 14-6499, 2016 WL 11520616, at *2 (C.D. Cal. Nov. 23, 2016) (taking judicial notice of a day of the week). Under FRCP 6, when the time period in a court order is stated in days and "the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday." Fed. R. Civ. P. 6(a)(1)(C). Regardless of whether Plaintiff transmitted her Second Amended Complaint to the Clerk of Court on Saturday,

January 24, she met the deadline by filing on the following Monday, January 26. Accordingly, the Court declines to dismiss the Second Amended Complaint purely based on timeliness.

**B. Counts I and II of the Second Amended Complaint**

In Count I, Plaintiff alleges that Radius Global "used false representations and deceptive means to collect a debt that was not valid or owed by [her] . . . [and that Radius Global] could not legally own." (Sec. Am. Compl. ¶ 17). She also asserts that Radius Global failed to verify its information before contacting her and misrepresented its right to collect in its communications with her. *Id.* According to Plaintiff, these actions are prohibited by 15 U.S.C. § 1692e(10). *Id.* In Count II, Plaintiff contends that Radius Global violated § 1692e(2)(A) by "falsely represent[ing] the character, amount, and legal status of the alleged debt" and incorrectly asserting the right to collect the debt. (*Id.* ¶ 19).

Plaintiff asserted claims under § 1692e based on the same factual allegations in Counts V-2 and VI of her First Amended Complaint. (First Am. Compl. ¶¶ 69–82, Ex. 1 to Pet. Removal). Judge Youchah recommended dismissal on both counts because Plaintiff "identifie[d] no materially false or misleading representation that was material in respect to her alleged debt to CenturyLink" but merely stated that "the debt was not substantiated." (R.G. R. & R. 6:11–19); (*see also* Order on Rs. & Rs.). Plaintiff fails to add any claims or evidence to her Second Amended Complaint to support her conclusory allegations; rather, she asserts the same facts and attaches no documentation. (*See generally* Sec. Am. Compl.). As Radius Global correctly notes, Plaintiff never denies that she owes a debt to CenturyLink. (Sec. Mot. Dismiss 6:11). The Court therefore finds that granting Plaintiff leave to amend on these claims would be futile.

Accordingly, Counts I and II of the Second Amended Complaint are DISMISSED with prejudice.

///

**C. Count III of the Second Amended Complaint**

Plaintiff alleges that Radius Global violated 15 U.S.C. § 1692b(5) by "improperly disclos[ing] information about the alleged debt to third parties, including by accessing my consumer report and exposing my private information without a valid reason." (Sec. Am. Compl. ¶ 21).

Plaintiff presented the same claim in Count IV of her First Amended Complaint. (First Am. Compl. ¶¶ 58–62, Ex. 1 to Pet. Removal). Judge Youchah recommended dismissal because § 1692b(5) prohibits debt collectors from communicating with other parties to acquire information about the consumer, and Plaintiff asserted no facts alleging Radius Global contacted anyone other than Plaintiff. (R.G. R. & R. 5:8–21) (quoting 15 U.S.C. § 1692b(5)). In her Second Amended Complaint, Plaintiff only musters a conclusory allegation that Radius Global "improperly disclosed" her debt information "to third parties . . . by accessing [her] consumer report." (Sec. Am. Compl. ¶ 21). She fails to identify who those third parties may be or how Radius Global disclosed her debt information to them. In addition, as Judge Youchah explained, Radius Global had a "permissible purpose" to access Plaintiff's consumer report because it is a debt collector. (R.G. R. & R. 3:3–4:8) (quoting *Wise v. Experian Info. Sols., Inc.*, No. CV 23-5513, 2024 WL 3337128, at *4 (C.D. Cal. June 18, 2024)). The Court therefore finds that granting Plaintiff leave to amend on this claim would be futile.

Accordingly, Count III of the Second Amended Complaint is DISMISSED with prejudice.

**D. Count IV of the Second Amended Complaint**

Plaintiff contends that Radius Global "used language and conduct that was intended to abuse, embarrass, or harass" her, in violation of 15 U.S.C. § 1692d(2). (Sec. Am. Compl. ¶ 23).

Plaintiff presented the same claim in Count III of her First Amended Complaint. (First Am. Compl. ¶¶ 49–57, Ex. 1 to Pet. Removal). She asserted that the word "debt" was

"obscene" and "abusive in nature." (*Id.* ¶ 54). Judge Youchah recommended dismissal because "even under a broad reading of the [statute's] non-abuse provisions, the use of the word 'debt' in the context of fair 'debt' collection practices is insufficient on its face to state this claim." (R.G. R. & R. 5:2–4). Instead of providing more information about Radius Global's allegedly abusive communications, Plaintiff alleges *fewer* facts about the contents or tone of Radius Global's correspondence in her Second Amended Complaint. The Court therefore finds that granting Plaintiff leave to amend on this claim would be futile.

Accordingly, Count IV of the Second Amended Complaint is DISMISSED with prejudice.

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that Radius Global's Motion to Dismiss, (ECF No. 43), is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Second Amended Complaint, (ECF No. 42), is **DISMISSED with prejudice.**

The Clerk of Court is kindly directed to close the case.

**DATED** this __22__ day of September, 2026.

Gloria M. Navarro, District Judge
UNITED STATES DISTRICT COURT